IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Grandvill D. Lawes ;<br><br>Plaintiff<br>vs.<br>Q.B Construction; Constructora Santiago Corp. II; Puerto Rico Ports Authority; Municipality Of San Juan; MAPFRE PRAICO Insurance Company;  Defendants ABC, OPQ and XYZ Insurance Companies unknown joint tortfeasors;<br><br>Defendants | Civil No:<br><br><br><br>PERSONAL INJURY<br>PLAINTIFF DEMAND<br>TRIAL BY JURY |

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, the Plaintiff in this action by and through the undersigned legal representation and very respectfully states, alleges and prays:

JURISDICTIONAL GROUNDS

1. This case is based upon diversity jurisdiction under 28 U.S.C. §1332.

2. Plaintiff Grandvill D. Lawes is a citizen of the Commonwealth of Jamaica and all Defendants are either corporations, incorporated and/or have their principal place of business in Puerto Rico.

3. The matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs, thus vesting jurisdiction on this Honorable Court pursuant to 28 U.S.C. § 1332.

## PARTIES

4. Grandvill D. Lawes, of legal age, single, merchant marine crew member with residence and citizenship of the Commonwealth of Jamaica Kingston.

5. Defendant the Puerto Rico Ports Authority is a public corporation based in Puerto Rico with principal offices located at Lindbergh St. # 64, Old Naval Base in Miramar, San Juan, Puerto Rico 00907.

6. OPQ Insurance is an Insurance company, which insures the Puerto Rico Ports Authority, whose name is unknown at the time of filing this complaint.

7. The Municipality of San Juan is the municipal authority with principal offices at 160 Chardón Ave., Hato Rey, PR 00918.

6.  MAPFRE PRAICO is an Insurance company, which insures the municipality of San Juan, whose main offices are located at Urb. Industrial Tres Monjitas, 297 Ave. Carlos Chardón, San Juan, PR 00918-1410.

7. Constructora Santiago Corp. II is a construction company whose principal place of business is Road 850, K.M. 2, Barrio Las Cuevas, Trujillo Alto, Puerto Rico, 00936.

8. ABC Insurance is an Insurance company, which insures the Constructora Santiago Corp. II, whose name is unknown at the time of filing this complaint.

9. Q. B. Construction a construction company whose principal place of business is 1550 Ponce de León Ave. stop 23, Puerto Rico 00907.

10. XYZ Insurance is an Insurance company, which insures the Q.B. Construction, whose name is unknown at the time of filing this complaint.

## GENERAL ALLEGATIONS

11. San Juan is home to one of the largest marine ports for Puerto Rico to receive goods and people from around the world. The San Juan port is divided by piers. Fernández Juncos Avenue runs parallel to the bay from pier 7 and above. Fernández Juncos Avenue is a two way street with two lanes to and from Old San Juan.

12. Fernández Juncos Avenue runs along the northern part of the bay in an S pattern turning towards the bay at Pier 10 and away from the bay at Pier 9 leveling after the intersection before Pier 8.

13. Fernández Juncos Avenue is designed with sidewalks on both sides of the avenue, the design also includes artificial lighting throughout piers 5 thru 10.

14. The design was altered in 2010, as the Puerto Rico Government moved forward on the "Bahía Urbana" project. The project eliminated the southernmost sidewalk from Pier 5 to Pier 8, and alternative sidewalks were not identified nor provided for by the Puerto Rico Ports Authority. The Municipality of San Juan approved the project and the design that obviates the need to duly identify alternative sidewalks. The project simply does not provide or account for pedestrian traffic, particularly at night where the design or circumstances called for turning off the lights in a stretch of Fernández Juncos Avenue.

15. The project design also failed to provide guidance for vehicle drivers by not providing warnings of the upcoming construction and the dangers it entailed.

16. Two years after of the start of the construction project (where the sidewalks were being obstructed), the artificial lighting was turned off in the segment from Pier 7 to

Pier 9 by the construction company leaving this Fernández Juncos Avenue section without illumination.

17. On October 22, 2011 at around 7:50 pm, Rafaela Riviere Andino was driving a 2006 Toyota Forerunner, license plate number GPW-476 in the direction towards Old San Juan using the left lane of Fernández Juncos Avenue.

18. When Rafaela Riviere Andino approached the construction site at Pier 8 it was extremely dark in the area and there were no signs or warnings to drivers of the approaching dangers at the construction area.

19. As Grandvill D. Lawes walked to Old San Juan he found that the sidewalk on the bay side of Fernández Juncos Ave. was obstructed, there were no adequate signs for a crosswalk and there was lack of artificial lighting.

20. After dinner Grandvill D Lawes was walking back to the ship at Pier 9. Upon reaching the construction site, he retraced its steps back to the ship. He crossed one lane and then the other, he was almost clear of the oncoming lanes when the accident occurred.

21. Rafaela Riviere Andino was following the twists and turns of Fernández Juncos Avenue when she neared the area in front of Pier 8 and was unable to see the dangers ahead as a result of the bend in the road. There were no signs that the area was under construction, there were no signs advising drivers to reduce the speed of their vehicles, no warnings that the sidewalks were obstructed and people might have to cross, no warning as to the lack of artificial illumination, none of these warnings that could have helped avoid the accident were in place. The driver did

not see the pedestrian and thus failed to reduce the speed of the vehicle, hitting Grandvill and hurling him more than 50 feet away.

22. Paramedics rushed to the scene and transported Grandvill to the Puerto Rico Medical Center where he was attended by physicians. The doctors had to revive Grandvill more than once as his internal injuries, particularly a traumatic brain injury, gave rise to multiple complications.

23. After months 4 at the hospital, Grandvill was sent to a rehabilitation facility where he is currently being cared for.

24. Grandvill's condition will require life long treatment and he may never have full use of his bodily functions; while capable of small movements of his extremities, he has difficulties with all tasks. Since the accident he has not been able to eat, speak or walk.

## NEGLIGENCE ALLEGATIONS

25. Defendants Q. B. Construction and/or Constructora Santiago Corp. II and/or Puerto Rico Ports Authority and/or the Municipality of San Juan, through their acts or omissions, caused damages to Plaintiff through fault or negligence in violation of 31 L.P.R.A. § 5141.

26. Specifically, they failed to design and/or execute the construction planning or remodeling of piers 5-8 in an appropriate and safe manner;

27. They failed to account for and/or direct pedestrian traffic in a safe or adequate way;

28. They failed to warn drivers of the upcoming construction site and/or to reduce speed in the approach;

29. They failed to provide pedestrians with adequate instructions and/or to provide alternative routing for pedestrian traffic;

30. They failed to plan adequately, and they eliminated the artificial lighting in the area, creating an extremely dark corridor, subjecting passersby to additional and unnecessary dangers.

31. The Puerto Rico Ports Authority and/or the Municipality of San Juan failed to maintain appropriate lighting in the sidewalks and traffic lanes at Fernández Juncos Ave. by Pier 8; in addition, they allowed obstructions to the sidewalk in such a way as to constitute a hazard to the pedestrians and passersby; approved and/or failed to supervise the design and/or construction site allowing other defendants to obstruct the sidewalk; eliminated the lighting in the area; moreover, they failed to warn pedestrians and drivers of the construction dangers and provide alternative walkways and approaches.

32. Pursuant to P.R. Laws Annotated Title 26, § 2001 (1976), a direct action may be brought in the Commonwealth of Puerto Rico against a casualty or liability insurance carrier for the negligence or fault of its insured. Therefore MAPFRE PRAICO Insurance Company and/or the insurance carrier of Q. B. Construction and/or the insurance carrier of Constructora Santiago II Corp. and/or the insurance carrier of Puerto Rico Ports Authority are responsible for the omissions on the part of their respective principals.

33. Defendants MAPFRE PRAICO Insurance Company and/or the insurance carrier of Q. B. Construction and/or the insurance carrier of Constructora Santiago Corp. II and/or the insurance carrier of Puerto Rico Ports Authority, were at all times relevant

herein, insurance companies authorized to do business as such in the Commonwealth of Puerto Rico which issued a public liability and/or insurance policies on behalf of the Municipality of San Juan, QB Construction, Constructora Santiago Corp. II, Puerto Rico Ports Authority.

## DAMAGES ALLEGATIONS

34. Plaintiff Grandvill D Lawes received multiple body trauma, specifically a cerebral hematoma and brain damage as consequence of the impact that will affect the Plaintiffs quality of life. In addition, Plaintiff has been bedridden since the accident and will continue to be for the rest of his life. Therefore, the Plaintiffs' physical pain and suffering are severe, constant and permanent. The value of these damages is estimated at no less than five million dollars ($5,000,000.00).

35. Plaintiff will need life care for the rest of his life: the life care will include, but not be limited to, future hospital care and operations, home care, rehabilitation, mobility assistance, home remodeling, medications, diapers, adjustable beds and wheelchairs, etc.  All of the costs associated with the health care and life adjusting expenses of the plaintiff are valued at no less than ten million dollars ($10,000,000.00).

36. Due to the accident the Plaintiff has severely limited mobility that has rendered him unable to work and has caused a loss of income. At the time of the accident the plaintiff was a merchant marine with aspirations to become a captain. The (present and future) losses of income have a reasonable value of not less than two million dollars ($2,000,000.00).

37. In addition, there is the emotional suffering resulting from the accident, as the plaintiff is fully aware of his surroundings but is trapped inside a body that suffers from severe limitations. That, and the knowledge that he will never lead a normal life again, weigh heavy on the mind of Plaintiff. A reasonable value to compensate the emotional pains and sufferings is no less than five million Dollars ($5,000,000.00).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court GRANT cause for this complaint and order Defendants to jointly pay the amount of not less than ($22,000,000.00)Twenty two Million Dollars, as well as costs incurred and any other relief this Honorable Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, on this 14 day of June, 2012.

S/Ramon E. Segarra Berrios
RAMÓN ENRIQUE SEGARRA BERRÍOS
USDC PR Bar No.22 5012
P.O. Box 9023853
San Juan, Puerto Rico 00902-3853
Tel. 787 724 7341 Fax. 787 725 4100
Segarra@microjuris.com

8