IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GRANDVILL D. LAWES,**

Plaintiff,

v.

**MUNICIPALITY OF SAN JUAN, ET AL.,**

Defendants and Third-Party Plaintiffs,

v.

**PUERTO RICO ELECTRIC AND POWER AUTHORITY, INC., ET AL.,**

Third-Party Plaintiffs and

Third-Party Defendants.

Civ. No. 12-1473 (DRD)

<u>**OPINION AND ORDER**</u>

Grandvill Lawes (hereinafter, "Plaintiff" or "Lawes") filed the instant action against the Municipality of San Juan ("Municipality") and MAPFRE PRAICO Insurance Company ("MAPFRE") alleging negligence under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141 ("Art. 1802"). Plaintiff asserts that he was severely injured when he was struck by an automobile while crossing the street in San Juan, Puerto Rico. Plaintiff avers that the negligence of the named defendants was actual and proximate cause of his injuries. Pending before the Court is Defendant Municipality of San Juan and MAPFRE PRAICO Insurance

Company's *Motion for Summary Judgment* (Docket No. 270). For the reasons elucidated below, the Court hereby **GRANTS in part and DENIES in part** Defendant's *Motion for Summary Judgment*.

## I. RELEVANT FACTUAL & PROCEDURAL HISTORY

On October 22, 2011, the vessel where Plaintiff was working as a merchant marine was docked at Pier 9 near the Old San Juan section of San Juan, Puerto Rico. *See* Docket No. 257.  In the evening, Plaintiff walked up Fernandez Juncos Avenue into Old San Juan to have dinner. Because the sidewalk on the south side of Fernandez Juncos Avenue was blocked due to construction on the *Bahia Urbana* Project, Plaintiff crossed to the north side the avenue mid-block, away from the crosswalk. *Id*.

When returning from dinner, Plaintiff alleges that he "retraced his steps back to the ship." *Id*. at 5. When crossing the avenue at mid-block, Plaintiff was struck by a 2006 Toyota 4-Runner driven by Third-Party Defendant Rafaela Riviere-Andino ("Riviere-Andino"). *Id*. As a result of the accident, Plaintiff claims he has lost his ability to walk, has suffered traumatic brain injury as well as numerous internal injuries, and will require lifelong treatment. *Id*.

On June 14, 2012, Plaintiff filed suit against Q.B. Construction, Inc. ("Q.B."); Constructora Santiago Corp. II[1]; the

---

[1] On August 20, 2012, the Court dismissed all claims against Constructora Santiago Corp. II (Docket No. 29) pursuant to Plaintiff's *Notice of Voluntary Dismissal without Prejudice as to Constructora Santiago II* (Docket No. 28).

Municipality; the Puerto Rico Ports Authority ("PRPA"); and MAPFRE. *See* Docket No. 1. Plaintiff's complaint alleges the defendants are liable to him under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. Plaintiff argues that he was injured when struck by an automobile while crossing the street in San Juan, Puerto Rico, and Defendant's negligence the proximate cause of his injuries. *Id*. On June 22, 2012, Plaintiff filed an *Amended Complaint* (Docket No. 4).

On September 5, 2012, Defendant PRPA filed a *Motion to Dismiss* under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 30). PRPA argued they were immune from suit pursuant to Eleventh Amendment to the United States Constitution. *Id*. On January 11, 2013, Plaintiff filed a *Motion to Dismiss with Prejudice as to Puerto Rico Ports Authority* (Docket No. 62). Accordingly, on January 22, 2013, the Court entered a *Partial Judgment* dismissing the claims against PRPA.

On November 21, 2012, Defendant Q.B. filed an *Amended Third-Party Complaint* against Riviere-Andino ("Riviere-Andino") and Cooperativa de Seguros Multiples ("Seguros Multiples"), as her insurer (Docket No. 54). Q.B. alleges Riviere-Andino is liable to Plaintiff and, in the event Q.B. is ordered to pay damages, Riviere-Andino and Seguros Multiples should be ordered to indemnify Q.B. *Id*.

---

On November 23, 2012, Third-Party Defendant Riviere-Andino filed her *Answer to the Third Party Complaint and First Counterclaim Against Q.B. Construction, Inc.* (Docket No. 56). Riviere-Andino also filed a counterclaim against Third-Party Plaintiff Q.B., averring that Q.B. is the liable party in the instant case and, in the event Riviere-Andino is ordered to pay damages, Defendant Q.B. should be ordered to indemnify her. Id. On February 7, 2013, co-Third-Party Defendant Seguros Multiples restated Riviere-Andino's arguments and counterclaims against Defendant Q.B. in their own *Answer to the Third Party Complaint and Counterclaim Against Q.B. Construction, Inc.* (Docket No. 67).

On May 6, 2013, Riviere-Andino and Seguros Multiples filed a *Crossclaim* against MAPFRE and the Municipality (Docket No. 76). Therein, Riviere-Andino and Seguros Multiples argued that the Municipality is liable to Plaintiff and moved the Court to order indemnification by the Municipality and/or MAPFRE of any damages paid to Plaintiff by Riviere-Andino and/or Seguros Multiples. *Id.*

On November 26, 2013, Defendant Q.B. filed a Third-Party Complaint against Miguel A. Bonilla, Inc. ("MAB"), Puerto Rico Electric and Power Authority ("PREPA"), CSA Group, Inc. ("CSA"), and their respective unnamed insurers (Docket No. 90). Defendant argued that the Third Party Defendants, and their insurers, were

jointly liable to Plaintiff and moved the Court to order indemnification by MAB, PREPA, CSA, and their insurers, of any damages paid to Plaintiff by Q.B. *Id.*

On March 4, 2014, Plaintiff filed a second *Amended Complaint* naming Triple-S Propiedad ("Triple-S"), Integrand Assurance Company ("Integrand"), and ACE Insurance Company ("ACE") as defendants (Docket No. 119). Plaintiff included these three corporations because they insured for co-Defendant Q.B. at the time of the accident. *Id.*

On May 7, 2014, Defendant ACE answered Plaintiff's second *Amended Complaint* and filed a crossclaim against Third-Party Defendant MAB (Docket No. 134). ACE claimed it was MAB that was responsible for "ensuring that all worked performed as part of the *Bahia Urbana* project was performed in compliance with all safety regulations, and consequently, any damages suffered by [P]laintiff were also caused at least in part by the fault or negligence of [MAB]." *Id.* at 6.

On May 23, 2014, Defendant Integrand filed a crossclaim against Third-Party Defendants CSA, Seguros Multiples, MAB, PREPA, Riviere-Andino, and any unnamed insurers (Docket No. 136). Through its crossclaim, Integrand sought indemnification from the named parties in the event Integrand is ordered to pay any damages to Plaintiff. Id. Riviere-Andino counter-claimed against Integrand on June 21, 2014, seeking indemnification from

Integrand in the event she was ordered to pay damages to Plaintiff (Docket No. 159).

On September 30, 2014, Third-Party Defendant PREPA filed a *Motion to Dismiss Third Party Complaint* claiming the claims pending against them were time-barred (Docket No. 206). On September 29, 2015, the Court denied Third-Party Defendant PREPA's Motion to Dismiss. *See* Docket No. 434. The Court held that the statute of limitations pertaining to any claims Plaintiff might have had against the Third-Party Defendants had no effect on the Third-Party Plaintiffs' rights to implead, as the right of contribution did not accrue until the original defendants are ordered to compensate Plaintiff for his injuries. *See Id.*

On February 4, 2015, the Court granted Plaintiff's *Motion for Leave to File Third Amended Complaint* (Docket No. 155). *See* Docket No. 255. On February 6, 2015, Plaintiff filed his *Third Amended Complaint* including Third-Party Defendant CSA as one of the listed defendants (Docket No. 257).

On March 23, 2015, the Municipality and MAPFRE joined in the instant *Motion for Summary Judgment* (Docket No. 270). Therein, the Municipality argued that Plaintiff failed to comply with the notice requirement of Article 15.003 of the Autonomous Municipality Law of Puerto Rico and, additionally, that there is no admissible evidence to establish liability against the

Municipality and MAPFRE under Art. 1802. *See Id*. Accordingly, the Municipality asked the Court to dismiss all claims brought against it, including the crossclaim at Docket No. 76, for lack of subject matter jurisdiction. *Id*.

On May 5, 2015, Plaintiff filed his opposition to MAPFRE and the Municipality's Motion for Summary Judgment (Docket No. 318). Plaintiff argued he complied with the notice requirement imposed by local law by notifying the Municipality within thirty days after he was physically well enough to provide adequate notice. *Id*. Furthermore, Plaintiff also argued that the Municipality had an absolute, undelegable duty to keep their sidewalks safe and they breached that duty. *Id*.

On May 22, 2015, Defendants MAPFRE and the Municipality joined in replying to Plaintiff's opposition (Docket No. 354). Defendants argued that Plaintiff had proffered inadmissible evidence to demonstrate his incapacity to notify the Municipality pursuant to the statute. *Id*. Furthermore, Defendants argued that Plaintiff had not cited any case law to support his assertion that the Municipality's duty to maintain their sidewalks safe is "undelegable." *Id*.

On March 23, 2015, Third-Party Defendant MAB filed a *Motion for Summary Judgment* (Docket No. 275). MAB argues, in essence, that the Third-Party Plaintiffs have not provided evidence of

MAB's negligence and that the Third-Party Complaint is time-barred. *Id.*

On May 18, 2015, Defendant Integrand filed its *Response in Opposition to MAB's Motion for Summary Judgment*, joined by co-Defendant Q.B. (Docket No. 345). In its response, Integrand argued that the Third-Party Complaint was timely filed and that MAB may be found jointly liable at trial if Plaintiff is able to prove liability against primary defendant, Q.B. *See Id.*

On March 23, 2015, Defendant CSA filed a *Motion for Summary Judgment* (Docket No. 276). CSA moved for dismissal on the grounds that Plaintiff assumed the risk of injury when he crossed the Fernandez Juncos Avenue at mid-block and, thus, the *Third-Party Complaint* and the *Third Amended Complaint* should be dismissed as to CSA. *Id.*

On May 1, 2015, Plaintiff filed his *Opposition to CSA's Motion for Summary Judgment* (Docket No. 313). Plaintiff avers that CSA designed a deficient Management of Traffic ("MOT") Plan that created a mid-block crossing for pedestrians walking from the northern sidewalk to the southern sidewalk on Fernandez Juncos Avenue. *Id.* Plaintiff further argues that CSA's deficient design of the MOT plan is a proximate cause of Plaintiff's injuries. *Id.*

On May 16, 2015, co-Defendants Q.B. and Integrand filed their joint *Opposition to CSA Group's Summary Judgment* (Docket

8

No. 341). In their opposition they argue that there is a genuine issue of fact as to CSA's possible liability stemming from its deficient MOT plan. *Id*.

On March 23, 2015, ACE, Triple-S, and Integrand jointly filed a *Motion for Summary Judgment* on behalf of its insured, Defendant Q.B. Construction, Inc. (Docket No. 277). The three co-Defendants moved for summary judgment on the grounds that Plaintiff was negligent in crossing the street away from a crosswalk and, thus, their actions were not the proximate cause of Plaintiff's injuries. Id.

On May 6, 2015, Plaintiff filed his *Opposition to ACE's Motion for Summary Judgment* (Docket No. 325). Plaintiff argued that Puerto Rico Law does not require him to cross the avenue at an intersection. Id. Plaintiff also claimed that the issue of liability must ultimately be decided by the jury. *Id*. Finally, Plaintiff argues that Q.B., as the installer of the cement barrier on the sidewalk, is responsible for Plaintiff's injuries. Id.

On March 24, 2015, Third-Party Defendant PREPA filed a *Motion for Partial Summary Judgment* (Docket No. 279). In summary, PREPA moved to dismiss the Third-Party Complaint because there is no evidence on the record that suggests PREPA was negligent in maintaining the lampposts near the scene of the

accident nor is there evidence that any negligence by PREPA was the proximate cause of Plaintiff's injury. *Id.*

On May 8, 2015, Defendant Q.B. filed its *Opposition to PREPA's Motion for Partial Summary Judgment* (Docket No. 330). Q.B.'s opposition is grounded on the idea that there is a possibility that PREPA could be held liable directly to Plaintiff, or to Defendant Q.B., and, thus, Summary Judgment is improper at this juncture. *Id.*

## II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT MOTIONS

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." Veda-Rodriguez v. Puerto Rico, 110 F.3d 174, 179 (1st Cir. 1997). A fact is "material" where it has the potential to change the outcome of the suit under governing law. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "genuine" where a

reasonable jury could return a verdict for the nonmoving party based on the evidence. Id. Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Id.

After the moving party meets this burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts." Cortes-Irizarry v. Corporacion Insular, 11 F.3d 184, 187 (1st Cir. 1997).

At the summary judgment stage, the trial court examines the record "in the light most flattering to the non-movant and indulges in all reasonable references in that party's favor. Only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 959-60 (1st Cir. 1997). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 150 (2000)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986)). Summary judgment is inappropriate where there are issues of motive and intent as related to material facts. See Poller v. Columbia Broad. Sys., 369 U.S. 470, 473, 82 S.Ct. 486 (1962)(summary judgment is to be issued "sparingly" in litigation "where motive and intent play

leading roles"); *see also* <u>Pullman-Standard v. Swint</u>, 456 U.S. 273, 288, 102 S.Ct. 1781 (1982)("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *see also* <u>Dominguez-Cruz v. Suttle Caribe, Inc.</u>, 202 F.3d 424, 433 (1st Cir. 2000)(finding that "determinations of motive and intent . . . are questions better suited for the jury").  "As we have said many times, summary judgment is not a substitute for the trial of disputed factual issues." <u>Rodríguez v. Municipality of San Juan</u>, 659 F.3d 168, 178-179 (1st Cir. 2011)(internal quotations and citations omitted).  Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." <u>Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 85 F.3d 86, 95 (1st Cir. 1996).  However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] . . . we will not draw *unreasonable* inferences or credit bald assertions, empty conclusions or rank conjecture." <u>Vera v. McHugh</u>, 622 F.3d 17, 26 (1st Cir. 2010)(internal quotations and citation omitted).  Moreover, "we afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." <u>Tropigas De P.R. v. Certain</u>

Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011)(internal citations omitted).

Further, the Court will not consider hearsay statements or allegations presented by parties that do not properly provide specific reference to the record. *See* D.P.R. CIV. R. 56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to the record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *see also* Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001)(finding that, where a party fails to buttress factual issues with proper record citations, judgment against that party may be appropriate); Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").[2]

If a defendant fails to file an opposition to the motion for summary judgment, the district court may consider the motion as unopposed and disregard any subsequently filed opposition. Velez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004).

---

[2] D.P.R. CIV. R. 56(b), often referred to as the anti-ferret rule, requires the party moving for summary judgment to submit a "separate, short, and concise statement of material facts, set forth in numbered paragraphs, a s to which the moving party contends there is no genuine issue of material fact." Similarly, the non-moving party is required to submit a counter-statement "admit[ing], deny[ing] or qualify[ing] the facts by reference to each numbered paragraph in the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by record citation." D.P.R. CIV. R. 56(c).

Furthermore, the district court must take as true any uncontested statements of fact. Id. at 41-42; see D.P.R.R. 311.12; see Morales, 246 F.3d at 33 ("This case is a lesson in summary judgment practice …. [P]arties ignore [Rule 311.12] at their own peril, and … failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.")(internal citations and quotations omitted); see also Euromodas, Inc. v. Zanella , Ltd., 368 F.3d 11, 14-15 (1st Cir. 2004). However, this does not mean that summary judgment will be automatically entered on behalf of the moving party, as the court "still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." See Velez, 375 F.3d at 42.

### III. LEGAL ANALYSIS

#### i.   Notice Pursuant to 21 L.P.R.A. § 4703

Defendant Municipality of San Juan and MAPFRE's *Motion for Summary Judgment* (Docket No. 270) requests the dismissal with prejudice of the claims against the Municipality arguing "lack of jurisdiction over the subject matter" due to Plaintiff's failure to provide adequate notice to the Municipality of San Juan as required by 21 L.P.R.A. § 4703.

Title 21 of the Laws of Puerto Rico Annotated states in section 4703 that:

> Any person who has a claim of any kind against a municipality for personal or property damages due to the fault or negligence of the municipality shall so notify the Mayor, in writing, stating clearly and concisely the date, place, cause and general nature of the damages suffered. Said notification shall also specify the amount of monetary compensation or the kind of relief appropriate for the damages suffered, the names and addresses of his/her witnesses, the claimant's address and, in cases of personal damages, the place where medical treatment was first received.
>
> (a) Form and time period to serve notification. Said notification shall be presented to the Mayor either by certified mail or personally, or in any other authentic manner recognized in law.
>
> Said written notification shall be presented to the Mayor within ninety (90) days of date on which the claimant learned of the damages claimed. If the claimant is mentally or physically unable to make said notification within the term established above, he/she shall not be bound to comply with it, but must made said notification within thirty (30) days of the date on which the disability ends.
>
> (b) Jurisdictional requirement. No legal action of any kind shall be initiated against a municipality for damages due to negligence unless written notification is made in the form, manner and terms provided in this subtitle.

As a threshold matter, the Court must emphasize that the requirements imposed by Section 4703 do not benefit MAPFRE, as the Municipality's insurer. *See García v. Northern Assurance Co.,* 92 D.P.R. 245, 256 (1965) (holding that notification was not required as a condition to initiate an action against the insurance company of the municipality). With respect to the

Municipality, however, notification pursuant to 21 L.P.R.A. § 4703 is a condition to the Court acquiring jurisdiction over the case. Therefore, the Municipality is correct in asserting that, if it was improperly notified of the suit, the claims against the Municipality must be dismissed. *See Mangual v. Tribunal Superior,* 88 D.P.R. 491, 498 (1963); *García v. Northern Assurance Co.,* 92 D.P.R. 245, 256 (1965); and *López v. Autoridad de Carreteras,* 93 JTS 64 (1993).

The purpose driving the special notification requirement on possible claims against a Municipality under Art. 1802 is: "1) to give to these political agencies an opportunity to investigate the facts giving rise to the claim; 2) to discourage unfounded claims; 3) to facilitate prompt settlement; 4) to permit the immediate inspection of the scene of the accident before conditions change; 5) to discover the name of the persons who have knowledge of the facts and to interview them while their recollection is more trustworthy; 6) to notify the municipal authorities of the existence of the claim to enable them to make the necessary reserve in the annual budget; and 7) to minimize the amount of the damages sustained by prompt intervention offering proper medical treatment and providing hospitalization facilities to the injured party." *Mangual supra,* at 494; *Rivera v. Municipio de Cayey,* 99 D.P.R. 196, 197 (1970);

*López,* 93 J.T.S. 64; *Colón v. Ramírez,* 913 F.Supp. 112, 121 (D.P.R.1996).

The Court must emphasize that the notice requirement is not absolute. The statute itself contains an exception to the notice requirement for persons whose physical condition is in such a dire state that they are unable to notify the Municipality in a timely fashion. *See* 21 L.P.R.A. § 4703(a). For this category of claimants, the statute allows notification to a Municipality to be made within thirty days from the end of their disability. *Id.*

Plaintiff bears the burden of producing enough evidence to sustain an allegation of disability under 21 L.P.R.A. § 4703(a). *See Berrios Roman v. E.L.A.*, 171 D.P.R. 549, 564 (2007). Plaintiff's ground for opposing the Municipality's instant motion is that he was "physically and mentally unable to notify the Municipality of a potential claim within ninety (90) days of the accident." Docket No. 318 at 2.

In order to sustain his allegation, Plaintiff provided medical progress notes where the note-taking physician comments on Plaintiff's condition (Docket No. 321, Exhibits 2 and 3). Based on these notes, Plaintiff contends he was physically unable to notify the Municipality until June 28, 2012, when he notified Defendants "via service of the complaint."[3] Docket No.

---

[3] *See Passalacqua v. Municipio de San Juan,* 116 D.P.R. 618, 632 (1985) (filing a lawsuit and serving process within the applicable notice period satisfies the statutory requirement).

318 at 2.  Defendant argues that the medical notes constitute inadmissible hearsay because Plaintiff has not revealed "the author of these medical notes, nor authenticated [them] with an affidavit or [sworn statement]." Docket No. 354 at 2. As such, Defendant argues that Plaintiff has failed to provide admissible evidence of when his disability ended and the statutory thirty-day notification period began. *Id.*

Federal Rule of Civil Procedure 56(e) requires that all documentary evidence supporting or opposing summary judgment be properly authenticated. *See* Fed.R.Civ.P. 56(e). Rule 56(e), thus, requires that the medical notes submitted by Plaintiff be accompanied with an "affidavit . . . made on personal knowledge, [setting] forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein." *See Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000).  More specifically, medical records constitute inadmissible hearsay when not attached to an affidavit authenticating its contents by a custodian or other qualified person. *See* Fed. R. Evid. 803(6) and Fed. R. Evid. 902(11); *see also* Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment."). Plaintiff has not provided the Court with an

affidavit that satisfies the authentication requirements of Federal Rule of Evidence 803(6)(d) nor has Plaintiff responded to Defendant's allegation of inadmissibility at Docket No. 354. Accordingly, the Court has no choice but to deem as inadmissible Exhibits 2 and 3 at Docket No. 321.

As the Court alluded to earlier, evidence of Plaintiff's disability and its duration is crucial to the instant motion. However, because of the inadmissibility of the medical notes, the record before the Court is devoid of any evidence of Plaintiff's inability to notify the Municipality pursuant to 21 L.P.R.A. § 4703(a). Without admissible evidence as to the effects of Plaintiff's disability, the Court cannot find in favor of Plaintiff on the adequate notice issue.

The Court, upon finding no admissible evidence on the record to shed light on the severity and duration of Plaintiff's disability, need not go further in its analysis. Accordingly, Defendant Municipality of San Juan's *Motion for Summary Judgment* (Docket No. 270) must be **GRANTED** as to Plaintiff's failure to adequately notify the Municipality of San Juan pursuant to 21 L.P.R.A. § 4703.

### ii. Claims against MAPFRE

Defendants correctly note that the 90-day notice requirement imposed on potential plaintiffs by 21 L.P.R.A. § 4703(a) does not apply to a municipality's insurance carrier.

19

*See García,* 92 D.P.R. at 256 (notification within the 90-day statutory period is not required to initiate an action against the insurance company of the municipality). Thus, dismissal against the Municipality for failure to comply with the notice statute does not dismiss against MAPFRE.

MAPFRE's liability to Plaintiff in the instant case is governed by its insurance contract with the Municipality. *See Lopez & Medina Corp. v. Marsh USA, Inc.*, 667 F.3d 58, 64 (1st Cir. 2012). Defendants argue that MAPRFE's liability is only triggered if the Municipality is "legally obligated to pay." Docket No. 270 at 6, n. 7. The Court first consulted the Insurance Code of Puerto Rico in an attempt to interpret MAPFRE and the Municipality's contractual relationship. *See* 26 L.P.R.A. § 101*; see also Jiménez v. Triple S. Inc.,* 154 F.Supp.2d 236, 238 (D.P.R.2001). Article 11.250 of the Insurance Code of Puerto Rico instructs courts to construe insurance contracts according to their particular terms and conditions. 26 L.P.R.A. § 1125. However, the Court's has no knowledge of the terms of the insurance contract because the record contains no evidence or testimony about the contractual terms and conditions.

Finding no evidence to the contrary, the Court cannot assume that the contract terms provide for MAPFRE's liability to begin only when the Municipality is "legally obligated to pay". Therefore, the Plaintiff's claims against MAPFRE cannot be

dismissed and MAPFRE must respond on behalf of its insured if the Municipality is found liable to Plaintiff under Art. 1802. *See Garcia*, 92 D.P.R. at 255 (holding that Puerto Rico law provides claimants with a direct cause of action against a tortfeasor's insurer for the negligence of its insured). Accordingly, the Court hereby **DENIES** Defendant MAPFRE's *Motion for Summary Judgment* (Docket No. 270) on the claim that it is no longer liable because the claims against its insured have been dismissed.[4]

### iii. The Municipality and its Insurer's Potential Negligence under Art. 1802

Article 1802 states that "a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 P.R. Laws Ann. § 5141. Under Article 1802, a plaintiff suing for personal injuries must plead, and ultimately prove, four elements: 1) a duty requiring the defendant to conform to a certain standard of conduct; 2) a breach of that duty; 3) proximate cause; and 4) damages. Coyne v. Taber Partners I, 53 F.3d 454, 459-462 (1st Cir. 1995); Woods-Leber v. Hyatt Hotels of P.R., 124 F.3d 47, 50 (1st Cir. 1997). "These requirements cannot be satisfied unless

---

[4] The Court's analysis now turns to the Municipality's possible liability under Art. 1802. Because well-established Puerto Rico law provides Plaintiff with a direct action against MAPFRE as the Municipality's insurer, in the event that the Municipality is found liable to Plaintiff, MAPFRE is liable to Plaintiff. *See Garcia*, 92 D.P.R. at 255.

the plaintiff proves that the injury was reasonably foreseeable, and, thus, could have been avoided had the defendant acted with due care." Woods-Leber, 124 F.3d at 50-51. Therefore, to recover on a theory of negligence, Plaintiff must show that the negligent acts or omissions of the Municipality were the proximate cause of his injuries. Malave-Felix v. Volvo Car Corp., 946 F.2d 967 (1st Cir. 1991)(stating that Puerto Rico defines legal cause as "proximate cause," and not actual or factual cause).

The duty of care "is anticipating reasonably probable injuries to probable victims." Irvine v. Murad Skin Research Laboratories, Inc., 194 F.3d 313, 322 (1st Cir. 1999). "A person breaches the duty of reasonable care when his actions create reasonably foreseeable risks. A plaintiff, then, must show the foreseeable risks created by defendant's acts or omissions in order to carry his burden as to the element of a tort claims." Vazquez-Filippetti v. Banco Popular de P.R., 504 F.3d 43, 49 (1st Cir. 2007). An actor is negligent if he fails to exercise due diligence to prevent a foreseeable injury. Malave-Felix, 946 F.2d at 972 ("a person is liable for injuries that a prudent person reasonably could anticipate."); *see* Rivera-Santiago v. United States, Civ. No. 08-1266, 2009 WL 702235, at *3 (D.P.R. Mar. 11, 2009)(holding that "negligence

ensues if the injuries could be foreseen or reasonably anticipated by a reasonable and prudent person.").

Further, Article 1802 requires the plaintiff to demonstrate that defendant had either actual or constructive knowledge of the dangerous condition. Mas v. United States, 984 F.2d 527 (1st Cir. 1993). Therefore, in "a premise liability case, fault ordinarily depends on knowledge." Nieves-Romero v. United States, 715 F.3d 375 (1st Cir. 2013).

After a plaintiff demonstrates that the defendant breached its duty of care, plaintiff must show that defendant's negligence was the proximate cause of his injuries. Vazquez-Filippetti, 504 F.3d at 49; see Malave-Felix, 946 F.2d at 972 ("one becomes liable, however, only if his negligence is the proximate cause of someone else's injuries."). Under Article 1802, proximate cause is defined in terms of foreseeability, which requires that a reasonable person should have foreseen the consequences of what actually occurred. Vazquez-Filippetti, 504 F.3d at 49; Wojciechowicz v. U.S., 582 F.3d 57, 67 (1st Cir. 1999); Malave-Felix, 946 F.2d at 971-72; Grajales-Romero v. Am. Airlines, Inc., 194 F.3d 288 (1st Cir. 1999). "To establish proximate cause, a plaintiff must prove that the accident was 'foreseeable and could have been avoided if the defendant had not breached its duty of care.'" Wojciechowicz, 582 F.3d at 67 (quoting Grajales-Romero, 194 F.3d at 296). In order for an

event to be foreseeable, a reasonable, prudent person must be able to conclude from the evidence that "the risk complained of is among the universe of risks recognizable by reasonably prudent persons acting with due diligence under the same or similar circumstances." Coyne, 53 F.3d at 460. "A defendant's actions may only be the proximate cause of a plaintiff's injuries if they in fact caused the injuries and the defendant could have reasonably foreseen that the injuries would result from his actions." Vazquez-Filippetti, 504 F.3d at 49. "The action of the [defendant] must be judged against what a reasonable person, under the same or similar circumstances, would have done." Wojciechowicz, 582 F.3d at 67.

Defendants and Plaintiff's primary point of conflict is on whether or not the Municipality has an absolute, undelegable duty to keep its sidewalks safe. *See* Docket No. 318 at 3; *see also* Docket No. 354 at 4. If the Court finds the Municipality's duty is undelegable, then a jury must determine if the sidewalks were kept in a reasonably safe condition or not. *See Harley-Davidson Credit Corp. v. Galvin*, 807 F.3d 407, 413 (1st Cir. 2015)(a dispute about the reasonableness of a particular act or conduct is an issue of material facts for the purposes of summary judgment). Plaintiff contends the Municipality breached its duty to keep its sidewalks safe and the dangerous condition of the sidewalk was a proximate cause of Plaintiff's accident.

*See* Docket No. 318. Defendants contend that all control and dominion over the southern sidewalk on Fernandez Juncos Avenue, and the land to the south of the sidewalk, had been transferred to the Puerto Rico Convention Center District Authority for the development, administration, operation, and maintenance of the *Bahia Urbana* project. *See* Docket No. 270 at 11. Thus, the Municipality had no control over the allegedly unsafe sidewalk and is not liable for any damages caused by any unsafe conditions on those sidewalks. *Id.* Plaintiff's do not dispute Defendants' claim that the control and dominion over the sidewalks was transferred as part of the agreement for the *Bahia Urbana*. Instead, Plaintiff argues that a municipality can never entirely delegate the duty to keep the sidewalks in its jurisdiction reasonably safe to a third-party. Docket No. 318 at 3.

Defendants argue that Plaintiff's position is unsupported by case law. However, in support of his argument, Plaintiff cites *Del Toro v. Gobierno de la Capital*, a Puerto Rico Supreme Court case that is controlling in the instant matter. 93 D.P.R. 481 (1966). The court in *Del Toro* held the following:

> "It is the municipality's duty to keep its roads and its sidewalks in reasonably safe conditions for those citizens who make use of them. The breach of this duty constitutes negligence and, in particular instances, the municipality is liable for damages suffered by a person due to obstacles or defects, known to

the municipality, on its streets and sidewalks. **That duty, and the corresponding responsibility, does not end merely because the unsafe condition on the municipality's roads or sidewalks is product of a third party's conduct and was created without the municipality's consent if the municipality knew or should have known of the unsafe condition.**" *Del Toro* at 485 (emphasis ours).[5]

Based on the text of the *Del Toro* decision, it is clear to the Court that the Municipality has a duty to keep its roads and sidewalks reasonably safe and free of any potential unsafe condition that it knows or should know of. *Id*. Therefore, it is apparent to the Court that there are various issues of material fact governing the outcome of the instant case. First, there is no conclusive evidence before the Court shedding light on whether the Municipality knew or should have known that the cement barriers blocking pedestrian transit the southern sidewalk of the Fernandez Juncos Avenue posed a potential danger to pedestrians. If knowledge is found or imputed on the Municipality, then the jury must determine if the steps taken by the Municipality to counter the potential dangerous condition, if any, were reasonable enough to shield them from liability.

Accordingly, finding genuine issues of material fact, the Court hereby **DENIES** Defendants Municipality of San Juan and

---

[5] Translated by the Court.

MAPFRE's *Motion for Summary Judgment* (Docket No. 270) on the issue of liability under Art. 1802.

### iv. Crossclaims brought by Third-Party Defendants Riviere-Andino and Seguros Multiples against the Municipality and MAPFRE

Third-party Defendants Riviere-Andino and Seguros Multiples' Crossclaim against MAPFRE and the Municipality (Docket No. 76) is essentially a claim for contribution against alleged joint tortfeasors the Municipality and MAPFRE. Puerto Rico substantive law expressly recognizes the right of contribution amongst joint tortfeasors*. Garcia v. Gobierno de la Capital*, 72 D.P.R. 138, 72 P.R.R. 133 (1951).  In so holding, the Supreme Court of Puerto Rico highlighted the importance of resolving all disputes in one single trial.  *Id*. at 147. Furthermore, the Supreme Court emphasized that the filing of a complaint against one joint tortfeasor prejudices all joint tortfeasors, thereby tolling the statute of limitations in contribution actions during the pendency of the original lawsuit.  *Id*. at 148-149.  The underlying rationale is that no plaintiff has the right to prefer one defendant over others in negligence cases were various parties did in fact contribute to plaintiff's harm.  *Id*. at 149.  Additionally, and of critical importance, is the fact that the *Garcia* Court expressly indicated that the right to contribution does not arise until a

27

joint tortfeasors has effectuated payment to the plaintiff. *Id.* at 147 (citing *Associated Transport, Inc. v. Bonoumo*, 62 A.2d 281, 191 Md. 442 (1948))(emphasis ours). As such, the Municipality's claim that the Third-Party Defendants and crossclaimants have breached their statutory duty to notify suit within the ninety-day window provided by 21 L.P.R.A. § 4703(a) is incorrect, as Riviere-Andino and Seguros Multiples' right to contribution has not arisen.

Moreover, the Court stresses that it would be both illogical and unreasonable to force a joint tortfeasor to notify of a potential contribution action against a potential joint tortfeasors before the original dispute is finalized. In addition, dismissing a claim for contribution before the right to contribution even arises would directly contravene 31 L.P.R.A. §§ 3105, 3109, and 5304 and could potentially result in the unjust enrichment of joint tortfeasors that were not parties in the original action.[6] Accordingly, the Court finds

---

[6] 31 L.P.R.A. § 3105 states:

Each of the joint creditors may do whatever may be profitable to the others, but not what may be prejudicial.

**The actions instituted against any one of the joint debtors shall prejudice all of them.**

31 L.P.R.A. § 3109 states:

The payment made by any of the joint debtors extinguishes the obligation.

**The person who made the payment can only claim from his codebtors the shares pertaining to each one with interest on the amounts advanced.**

crossclaimants Riviere-Andino and Seguros Multiples have not failed to comply with the duty to notify the Municipality pursuant to 21 L.P.R.A. § 4703(a) because the matter is not ripe for adjudication. Therefore, the Court **DENIES** Defendant Municipality of San Juan's *Motion for Summary Judgment* (Docket No. 270) as to the cross-claim (Docket No. 76). However, because the matter is not yet ripe for adjudication, the Court hereby **DISMISSES** the crossclaim (Docket No. 76) without prejudice and encourages Third-Party Defendants Riviere-Andino and Seguros Multiples to re-file the claim if and when the matter becomes ripe.

### IV.  CONCLUSION

For the aforementioned reasons, the Defendants Municipality of San Juan and MAPFRE PRAICO Insurance Company's *Motion for Summary Judgment* (Docket No. 270) is hereby **GRANTED in part and DENIED in part:**

---

The nonfulfilment of the obligation by reason of the insolvency of a joint debtor shall be made good by his codebtors in proportion to the debt of each of them.

31 L.P.R.A. § 5304 states:

**Interruption of prescription of actions in joint obligations equally benefits or injures all the creditors or debtors.**

This provision is likewise applicable with regard to the heirs of the debtor in all kinds of obligations.

In obligations in common, when the creditor does not claim from one of the debtors more than the part pertaining to him, prescription is not interrupted for that reason with regard to the other co-debtors.

1. Summary Judgment is **GRANTED** on Defendant Municipality of San Juan's claim of improper notice under 21 L.P.R.A. § 4703. Accordingly, Plaintiff's claims against the Municipality of San Juan (Docket No. 257) are **DISMISSED with prejudice.**

2. Summary Judgment is **DENIED** on Defendants' claim that MAPFRE is no longer liable because the claims against its insured have been dismissed.

3. Summary Judgment is **DENIED** on Defendants' claim that the *Crossclaim* (Docket No. 76) against them must be dismissed because it is "anchored and contingent to Plaintiff's claim against the Municipality".

4. Third-Party Defendants Rafaela Riviere-Andino and Cooperativa de Seguros Multiples' *Crossclaim* (Docket No. 76) is not yet ripe for adjudication and is **DISMISSED without prejudice** so it can be re-filed at a later juncture.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of January, 2016.

S/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge